UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SHEILA DAVALLOO,                                      :

                Petitioner,                       :
                                                   MEMORANDUM ORDER
      -v.-                                             :

SABINA KAPLAN, Superintendent,              :        17 Civ. 1484 (GBD) (GWG)
Bedford Hills Correctional Facility, and
GEORGE JEPSEN, Attorney General of the State  :
of Connecticut,
                                                                       :
                Respondents.
                                                                       :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

I. BACKGROUND

      In this petition pursuant to 28 U.S.C. § 2254, petitioner Sheila Davalloo challenges her 2012 conviction in Connecticut state court. See Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, dated Nov. 24, 2016 (Docket # 1). The Connecticut conviction was for a 2002 murder that took place in Stamford, Connecticut. State v. Davalloo, 101 A.3d 355, 360-64 (Conn. App. Ct. 2014), aff'd, 128 A.3d 492 (Conn. 2016). Davalloo was sentenced to 50 years in prison on that conviction, to run consecutive to a sentence she had previously received for a conviction in New York State court. Id. at 364. The New York conviction is not challenged in the petition.

      Davalloo's custodian, respondent Sabrina Kaplan, has now moved to transfer this case to the District of Connecticut. See Letter from Michelle Maerov, dated June 1, 2017 (Docket # 11). George Jepsen, the Attorney General of Connecticut and the other respondent in this action, supports the transfer. See Letter from David M. Kutzner, dated June 20, 2017 (Docket # 14). Davalloo opposes transfer. See Letter from Sheila Davalloo, dated June 12, 2017 (Docket # 13).

II. DISCUSSION

28 U.S.C. § 1404(a) provides in relevant part: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In applying this statute, courts conduct a two-step inquiry. At the first step, a court must determine whether the case could have been brought in the other district. If the first step is satisfied, a court then weighs a number of factors to determine if transfer is appropriate. See, e.g., Winter v. Am. Inst. of Med. Scis. & Educ., 2017 WL 1063459, at *3-4 (S.D.N.Y. Mar. 17, 2017); Pence v. Gee Grp., Inc., 2017 WL 629470, at *5 (S.D.N.Y. Feb. 16, 2017); Bacuku v. Shanahan, 2016 WL 1162330, at *1 (S.D.N.Y. Mar. 1, 2016).

Here, the first step is satisfied. The terms of the general venue statute, 28 U.S.C. § 1391(b)(2), permit a civil proceeding to be brought in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred." Given that the crime, trial and conviction took place in Connecticut, the action could have been brought in Connecticut.[1] Additionally, the Supreme Court has specifically held that a habeas corpus petition may be brought in the state in which the conviction took place. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94 (1973); accord Bagdasaryan v. Swarthout, 2012 WL 6203113, at *4 (E.D. Cal. Dec. 12, 2012) ("[T]he general rule with regard to habeas applications is that both the United States District Court in the district where petitioner was convicted and the District Court where petitioner is incarcerated have jurisdiction over the claims."); Verissimo v. I.N.S., 204 F. Supp. 2d 818, 820 (D.N.J. 2002) ("[A] habeas corpus petition may be transferred to the district

---

[1] The more specific venue provision in 28 U.S.C. § 2241(d) does not apply in this case because Connecticut does not have "two or more Federal judicial districts."

court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); see also United States ex rel. Meadows v. New York, 426 F.2d 1176, 1183 & n.8 (2d Cir. 1970) (holding that "the sentencing district may properly assume jurisdiction over" a habeas petition). Therefore, we next consider the factors governing whether transfer is appropriate.

The Second Circuit has identified seven factors that a court should consider at step two of the § 1404(a) transfer analysis:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (citation omitted); accord Bacuku, 2016 WL 1162330, at *1. Courts in this district have also considered "(8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice." Fellus v. Sterne, Agee & Leach, Inc., 783 F. Supp. 2d 612, 618 (S.D.N.Y. 2011); accord Tlapanco v. Elges, 207 F. Supp. 3d 324, 328 (S.D.N.Y. 2016); AIG Fin. Prods. Corp. v. Pub. Util. Dist. No. 1, 675 F. Supp. 2d 354, 368 (S.D.N.Y. 2009). "There is no rigid formula for balancing these factors and no single one of them is determinative. Instead, weighing the balance is essentially an equitable task left to the Court's discretion." Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) (citations and internal quotation marks omitted); accord Tlapanco, 207 F. Supp. 3d at 328 (citation omitted).

Here, the analysis squarely points to transfer. While Davalloo's choice of forum is entitled to some weight, the convenience of witnesses plainly favors Connecticut, which is the state where the crime, its investigation, and its prosecution took place. The same is true for the

3

location of any relevant documents.  The locus of operative facts as well as the forum's familiarity with the governing law also point to Connecticut for venue.  The remaining factors do not favor either forum.  In other words, the only factor that disfavors transfer is the fact that Davalloo would prefer to have her case heard in New York.  We find this insufficient to deny transfer.  We note that courts have commonly transferred a habeas corpus petition to a federal court located in the state where the conviction took place.  See, e.g., Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, [was] the most convenient forum because of the availability of witnesses and records"); Meadows, 426 F.2d at 1178, 1183 & n.9 (upholding transfer of Georgia prisoner's habeas petition to a federal court in New York under 28 U.S.C. § 1404(a) where the petition challenged a New York state conviction); Palubicki v. Minnesota, 2016 WL 7350494, at *3-5 (D. Vt. Dec. 19, 2016) (Vermont prisoner's habeas petition could be transferred to Minnesota where the petition sought review of a Minnesota conviction).

III.  CONCLUSION

     For the above reasons the Court concludes that respondent has made a meritorious motion to transfer the case to the United States District Court for the District of Connecticut.  Nevertheless, the Court will delay issuing an order to transfer until after July 17, 2017, to allow Davalloo to move for a stay in the event she seeks review of this Memorandum Order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.  In the absence of an order granting such a stay, however, the Court will, on or after July 10, 2017, direct the Clerk by separate order to effectuate the transfer.

     SO ORDERED.

Dated: June 22, 2017
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Sheila Davalloo
04-G-0449
Bedford Hills Correctional Facility
247 Harris Road
Bedford Hills, NY 10507

Habeas Corpus Section
Office of the Attorney General of the State of Connecticut
55 Elm Street
Hartford, CT 06106

David M. Kutzner
Senior Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, CT 06067

Other Counsel by ECF